**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>GEORGE A. NADER,<br><br>       Defendant. | Case No. 1:18-MJ-00196-JFA |

<u>**NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION FOR
LEAVE TO FILE EXHIBIT UNDER SEAL**</u>

   George A. Nader ("Defendant"), by and through the undersigned, pursuant to Local Rule of Court 49(A), (D), and (E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, respectfully requests an Order sealing its motion for conditional release and accompanying exhibits.

**I.**   **Items to Be Sealed and Necessity for Sealing**

   1.  Defendant seeks to file one Motion for Conditional Release and five accompanying exhibits. Defendant seeks to file these documents under seal because they contain recognized privacy interests, including: (a) confidential business information relating to a high-profile security firm; and (2) personal and medical information relating to the Defendant, as described further below. Filing under seal is the appropriate remedy to protect these privacy interests because any redactions would be so extensive as to render these documents incomprehensible.

## II. References to Governing Case Law

2. This Court has the inherent power to seal materials submitted to it when the public's right of access is outweighed by competing interests. *See In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984); see Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . ."). Allowing Defendant to file this motion and exhibits under seal is an appropriate way to balance the various interests at stake.

3. The motion and exhibits contain extensive information related to Defendant's acute medical condition, including details of his medical history, physician evaluations and diagnoses, and immediate recommendations. Individuals have a recognized privacy interest in medical records. *See United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) (holding that "the interest in personal privacy for the matters redacted from [the defendant's] [psychiatric] report provides a sufficiently compelling interest to overcome the First Amendment right of access).

4. These materials also contain sensitive business practices, plans, and other details of a high-profile security firm, information that should be protected from public disclosure. *See, e.g.*, *Walker Systems, Inc. v. Hubbell, Inc.*, 188 F.R.D. 428, 429 (S.D. W. Va. 1999) (stating "[w]here . . . the information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted, especially in cases between direct competitors"). Disclosure of that information would not only place Defendant's security strategy into the public

realm—when by its very nature, a private security plan only succeeds if it is kept confidential—but would also disclose that information to the firm's competitors, providing them an unfair business advantage.

5. The public has no need to be informed of Defendant's sensitive personal medical information and the plans and strategies of his private security detail. Defendant's interest in maintaining the confidentiality of these materials outweighs the public's right of judicial access.

### III. Period of Time Defendant Seeks to Have the Matter Remain Under Seal

6. Defendant seeks to have these materials sealed permanently.

***

For the foregoing reasons, the Court should grant the defendant leave to file under seal the attached motion for revocation of detention order and five accompanying exhibits.

Dated: June 6, 2019

Respectfully submitted,

LATHAM & WATKINS LLP

/s/ *Jonathan C. Su*
Jonathan C. Su (#92804)
Latham & Watkins, LLP
555 11th St., N.W.
Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
jonathan.su@lw.com

Christopher J. Clark (*pro hac* pending)
Latham & Watkins, LLP
885 Third Avenue

New York, NY 10022
Tel: (212) 906-2927
Fax: (212) 751-4864
chris.clark@lw.com

*Attorney for Defendant*
*George Aref Nader*